UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff.<br><br>　　v.<br><br>JEROMY OELKER,<br><br>　　　　Defendant. | Case No. 3:20-cv-00383-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On July 30, 2020, "Defendant" Jeromy Oelker filed a Notice of Removal with the Court. Dkt. 1. In his Notice, Oelker indicates that he is removing an Idaho state court criminal action. *Id.* Oelker claims that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446(a). Oelker is mistaken on the law. Accordingly, the Court will dismiss his case and/or remand the same to state court.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (cleaned up). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up).

The Court also has a duty to "establish subject matter jurisdiction over the removed

action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. v. Waddell & Reed, Inc.,* 360 F.3d 960, 967 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Whenever a state-court criminal prosecution is removed, the Court must "examine the notice promptly" upon its filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Only under very narrow and limited circumstances can a defendant remove a state criminal case to federal court. For example, an officer of the United States, its courts, members of congress, or the military may remove a criminal case to federal court. 28 U.S.C. § 1442. Additionally, any criminal defendant may remove a criminal prosecution to federal court if he seeks to—and, because of state law, cannot—assert a defense to the prosecution based on federal laws protecting equal civil rights. 28 U.S.C. § 1443. Both of these examples are very specific, and Oelker has not alleged anything that would fall under either statute as outlined—nor does it appear that any would apply.

Oelker claims that this Court possess jurisdiction over his case pursuant to 28 U.S.C. §§ 1441, 1446(a). These statutes, however, by their very language apply only to *civil* cases. Because Oelker endeavors to remove a criminal case, these statues do not apply. The Court does not know if Oelker's criminal case is ongoing or not. If it is ongoing, the Court clearly does not have jurisdiction (for the reasons outlined above).

MEMORANDUM DECISION AND ORDER - 2

Furthermore, even if Oelker's criminal case has come to an end, this Court does not have jurisdiction. Any disagreements Oelker has with his state court proceedings must be taken up in that forum, e.g., he could file post-judgment motions or "appeal" to a higher authority in state court, but not transition to federal court.

And finally, even construing Oelker's filings as liberally as possible as some type of 42 U.S.C. § 1983 "civil rights"-esque claim, the Court sill does not have jurisdiction under the long-standing *Rooker–Feldman* doctrine.

A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983). This rule of law is known as the *"Rooker–Feldman* doctrine."

As the United Supreme Court has explained:

> In *Rooker v. Fidelity Trust Co.*, the parties defeated in state court turned to a Federal District Court for relief. Alleging that the adverse state-court judgment was rendered in contravention of the Constitution, they asked the federal court to declare it null and void. This Court noted preliminarily that the state court had acted within its jurisdiction. If the state-court decision was wrong, the Court explained that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Federal district courts, the *Rooker* Court recognized, lacked the requisite appellate authority, for their jurisdiction was strictly original.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp*. 544 U.S. 280, 284 (2005) (cleaned up).

In short, the *Rooker–Feldman* doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in

MEMORANDUM DECISION AND ORDER - 3

substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann,* 415 F.3d 1038, 1041 (9th Cir. 2005) (cleaned up).

In this case, Oelker has included various documents *which appear* to highlight disagreements he had with his prior attorney and the state court judge regarding certain evidence in his case. Again, the Court does not know if the *Rooker–Feldman* doctrine apples as it does not know if Oelker's state court criminal case has come to a conclusion—and/or if Oelker has appealed any of the state court decisions. Regardless, even construing Oelker's pleadings as liberally as possible, the Court cannot see any way in which it can retain jurisdiction over the issues raised. The correct forum for Oelker's grievances is Idaho state court. Accordingly, the Court must dismiss this case for lack of jurisdiction.

### III. ORDER

1. This case is DISMISSED for lack of jurisdiction and CLOSED.
2. Because the Court does not know the status of Oelker's state criminal case, any open substantive matters are REMANDED to the Second Judicial District of the State of Idaho, Lewis County.
3. Oelker's Motion to Seal (Dkt. 2), Motion to Quash (Dkt. 5), Corrective Motion (Dkt. 7), and Sealed Motion (Dkt. 8) are all DISMISSED as MOOT.

DATED: October 15, 2020

David C. Nye
Chief U.S. District Court Judge