UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO,<br><br>Plaintiff,<br><br>v.<br><br>JEROMY OELKER,<br><br>Defendant. | Case No. 3:20-cv-00383-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

On July 30, 2020, "Defendant" Jeromy Oelker filed a Notice of Removal with the Court. Dkt. 1. In his Notice, Oelker indicated that he was removing an Idaho state court criminal action to federal court. *Id.* Oelker argued this Court had jurisdiction over his case pursuant to 28 U.S.C. §§ 1441, 1446(a).

Pursuant to 28 U.S.C. § 1455(b)(4), the Court "examine[d] the notice promptly" but found that it did not have jurisdiction over Oelker's claims. Dkt. 10. The Court dismissed Oelker's claims, remanded any open issues back to Idaho state court, and closed the case. *Id.*

Thereafter, Oelker filed 13 additional documents with the Court. Some of the materials are Amended Notices of Removal (Dkts. 12, 18, 22, 23); some are new "prayers for relief" or "requests for judgment" (Dkts. 21, 23); and the remaining documents are

briefs or addenda offered in support of Oelker's various arguments, email correspondences concerning the case and/or filings, and transcripts from state court proceedings (Dkts. 14, 15, 16, 19, 20, 24, 25, 26). Some of these filings were docketed as motions generating response deadlines; others were simply filed.

In sum, even though the Court *did not* grant Oelker leave to amend his notice of removal, that is clearly what he is trying to do with these numerous filings. In the various submissions, Oelker endeavors to convince the Court that it has jurisdiction over his pending state court criminal case. None of the documents presented, however, change the Court's prior analysis.

## II. DISCUSSION

As the Court previously noted: "Federal courts are courts of limited jurisdiction. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (cleaned up).

Because Oelker asserted his civil rights have been violated, the Clerk of the Court filed this case pursuant to 28 U.S.C. § 1983. In various email correspondences—and in some of his recently filed documents—Oelker takes issue with this classification, states that the Court misunderstands his claims, and clarifies that he is bringing claims pursuant to 28 U.S.C. §1443 ("Section 1443"). Oelker asserts that had the Court analyzed his claims against the backdrop of Section 1443, it would have found it has jurisdiction over his case. Oelker is wrong in all respects.

First, the classification of this case as a § 1983 civil rights action was accurate. The claims Oelker brings are for civil rights violations and that is the appropriate case designation. More importantly however, that designation is simply for the Court's tracking and organization. Designating the case as such did not inhibit Oelker's rights. The Court does not review a case based on which case designation it is assigned for tracking purposes but based upon the substance of the claims at issue.

Second and relatedly, the Court clearly outlined in its prior decision that Oelker could not rely on Section 1443 to invoke this Court's jurisdiction because his case did not appear to meet the narrow, specified criteria under which such cases can be removed. Dkt. 10, at 2. Nothing in Oelker's subsequent filings causes the court to change its mind.

Again, Oelker is trying to remove an ongoing Idaho state court criminal action. In his more recent filings, he also appears to be appealing certain decisions that the state court judge has made[1] and filing claims of his own.[2] In all respects, Oelker is mistaken on the law. The Court never reaches any of Oelker's substantive arguments, however, because it lacks jurisdiction in the first instance. The Court reincorporates its prior analysis (Dkt. 10, at 2-4), but expounds upon two principles Oelker continues to raise: removal under Section 1443, and Indian reservation jurisdiction.

---

[1] For example, Oelker asks this Court to quash the state court warrant that was issued, vacate the protection order entered, and relieve him of his bail requirements. Dkt. 21-1, at 1.

[2] For example, in one of his filings, Oelker cites to over 30 rules, statutes, and legal principles—discussing topics ranging from fraud, treason, and the Sherman Act of 1890, to venue, jurisdiction, evidence, and Indian law—and asks this Court to provide declaratory and emergency relief against certain individuals and entities. Dkt. 23.

MEMORANDUM DECISION AND ORDER - 3

**A. Section 1443**

A notice of removal invoking Section 1443 must satisfy the two-part test stated in *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966). The Ninth Circuit has explained this process:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (cleaned up).

Here, Oelker does not allege that he is being prosecuted pursuant to a state law that purports to command state courts to ignore federal racial civil rights. In fact, Oelker does not mention racial civil rights at all. He appears to believe that Section 1443 applies to *all* civil rights. Again, this is not the case. As interpreted by the Supreme Court, the rights at issue must relate to racial equality. *See Rachel*, 384 U.S. at 786, 791 ("The present statute [Section 1443] is a direct descendant of a provision enacted as part of the Civil Rights Act of 1866" and was "intended to protect a limited category of rights, specifically defined in terms of racial equality.").

Instead, Oelker alleges that the charges against him are meritless and that he is essentially being maliciously prosecuted. The Court does not know Oelker's race, ethnicity, or national origin; however, even if Oelker alleged that he was being prosecuted because he fell into a protected class, this alone would still not support removal under section 1443. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("[C]laims that prosecution

and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."). In addition, "[t]hat a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [Section] 1443(1)." *Id.*

Regarding the second requirement, Courts have found that it is "normally require[d] that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Johnson*, 421 U.S. at 219 (cleaned up); *see also Patel*, 446 F.3d at 998-99.

In sum, because Oelker has not alleged that he faces disparate racial treatment and has not referenced a state statute or constitutional provision purporting to command the state court to ignore his federal rights, he has not shown that removal is proper under Section 1443.

**B. Indian Reservation Jurisdiction**

Oelker also asserts in his recent filings that because he lives on an Indian reservation and the events at issue took place on that Indian reservation, this Court has jurisdiction over the case (because it is the Federal District Court in which the reservation lies). Oelker cites to 18 U.S.C. § 1151(a) in support.

18 U.S.C. § 1151(a) defines the scope of Indian country territory and is inapplicable here. 18 U.S.C. § 1153, however, outlines that certain criminal offenses are "within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153(a). Critically, however,

Oelker has not been charged with any of the listed crimes. Moreover, all of the crimes over which a federal court has jurisdiction involve felony offenses.

In the instant case, Oelker was brought before the state court having been issued two misdemeanor citations: one for domestic battery and one for resisting and obstructing an officer. Dkt. 14. Neither of these crimes provide this Court with jurisdiction over this case.

### C. Conclusion

The Court reiterates what it stated in its previous order: Oelker cannot remove this case pursuant to Section 1443. The Court has delved into the substance of Oelker's claims, reviewed all of his documents and submissions, and cannot identify *any* statute that would allow him to remove his ongoing state court criminal proceedings to federal court. In addition, the Court *does not* have jurisdiction over the claims at issue even though they occurred on an Indian reservation.

Oelker's state court criminal proceedings are ongoing. *See* Dkt. 25. Accordingly, this Court does not have jurisdiction over any pending matters. Furthermore, once Oelker's case comes to an end in state court, it would be only under *extremely* rare circumstances that this federal court would be able to exercise jurisdiction over grievances stemming from the state court proceedings itself. Again, the proper forum for Oelker's complaints is in state court—and if necessary, before higher Idaho state courts.

### III. ORDER

1. This case is DISMISSED WITH PREJUDICE and remains CLOSED.

2. Any open substantive matters are REMANDED to the Second Judicial District of the State of Idaho, Lewis County.

3. All pending motions (Dkts. 18, 21, 23) are DISMISSED AS MOOT.

4. The Court will not accept further filings in this case.

DATED: January 13, 2021

David C. Nye
Chief U.S. District Court Judge